UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Dana Moss

    v.                                                         Civil No. 05-cv-022-PB

Dartmouth-Hitchcock
Medical Center, et al.

**REPORT AND RECOMMENDATION**

Proceeding *pro se* and *in forma pauperis*, plaintiff Dana Moss brings this diversity action alleging claims of medical malpractice, negligence[1] and products liability (document no. 3). Named as defendants are the Dartmouth-Hitchcock Medical Center ("DHMC"), the DHMC Case Management Service Department and the following DHMC physicians: Dr. Perry Ball; Dr. James McGreevy; and Dr. Pallatroni. The complaint is before me to determine whether, among other things, it states a claim upon which relief may be granted. See U.S. District Court for the District of New Hampshire Local Rule 4.3(d)(1).

For the reasons stated below, I find that plaintiff has

---

[1] Plaintiff asserts allegations of fraud which, construed liberally, allege negligence claims based on defendants' failure to obtain informed consent and fully disclose to her the proposed medical procedures and treatment.

sufficiently alleged state law claims against the defendants premised upon medical malpractice and negligence. I recommend dismissal of all remaining claims.

## Standard of Review

In reviewing a *pro se* petition, this court must construe the pleadings liberally, see Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976)), treating all well-pleaded factual allegations as true and drawing all reasonable inferences in the litigant's favor, see Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that *pro se* pleadings are given fair and meaningful consideration. See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988). I apply this standard in reviewing Moss' complaint.

## Jurisdiction

The complaint properly invokes the diversity jurisdiction of this Court as it alleges complete diversity of the parties and an amount in controversy in excess of $75,000. See 28 U.S.C. § 1332 (providing for diversity jurisdiction). Construed liberally, the complaint alleges that plaintiff is a resident of New Jersey,

defendants are residents of New Hampshire[2] and the amount in controversy is $5,900,000.

## Background

In this diversity action, plaintiff alleges state court claims arising from certain procedures and devices which were part of the medical care provided to her by the DHMC and the defendant physicians in 2000 and 2001 and first partially disclosed to her in March of 2002. During that time, she allegedly underwent surgery at the DHMC and received other medical treatment for a spine condition. In 2001, she agreed to participate in a research project conducted by the DHMC for the treatment of spine related conditions or injuries. Without plaintiff's consent, defendants allegedly implanted certain medical devices that have caused her pain and suffering, disability, loss of employment and financial loss. In addition, defendants allegedly altered her medical records to include a false diagnosis for a psychological disorder and false statements regarding her ability to care for her children. Plaintiff now brings this diversity action against defendants in which she

---

[2]Plaintiff alleges that she contacted the DHMC and requested the correct addresses for defendants Ball, Pallatroni and McGreevy but was denied that information.

alleges state court claims for medical malpractice, negligence and products liability.

## Discussion

I.   Medical Malpractice and Negligence Claims

New Hampshire recognizes a cause of action for medical malpractice and medical negligence.  See Francoeur v. Piper, 146 N.H. 525, 526-27, 776 A.2d 1270 (2001) (recognizing medical malpractice action against physician and medical clinic); In re Haines, 148 N.H. 380, 382, 808 A.2d 72 (2002) (recognizing medical negligence action against physician and medical director); Smith v. Cote, 128 N.H. 231, 240, 513 A.2d 341, 346 (1986) (recognizing physician duty to inform patient of reasonable risks involved in operation or treatment so that patient can make effective choice).

Plaintiff alleges that the DHMC and the defendant physicians provided her with medical care during 2000 and 2001.  Attached to her complaint are copies of DHMC medical records demonstrating that defendants treated her for a spine disorder or condition during that time.  A signed consent form reveals that in 2001 she agreed to participate in a research project conducted by DHMC and the National Spine Network for the treatment of spine related

conditions and injuries.  Without plaintiff's verbal or written consent, however, defendants allegedly implanted certain medical devices that have caused her pain and suffering, disability, loss of employment and financial loss.  According to plaintiff, the medical procedures and devices used by defendants were first partially disclosed to her in March of 2002[3].  In addition to providing plaintiff negligent care, defendants allegedly altered her medical records to include a false diagnosis for a psychological disorder and false statements regarding her ability to care for her children.

For purposes of preliminary review and without commenting on the merits of the claims, I conclude that the complaint sufficiently sets forth claims against defendants for medical malpractice and negligence.[4]  Because New Hampshire recognizes

---

[3]Because plaintiff first became aware of the alleged malpractice and negligence in 2002, her claims are preserved under the discovery rule.  See Shillady v. Elliot Community Hosp., 114 N.H. 321, 324, 320 A.2d 637 (1974)("[A]ctions for malpractice based on the leaving of a foreign object in a patient's body do not accrue until the patient learns or in the exercise of reasonable care and diligence should have learned of its presence.").

[4]If plaintiff wishes to pursue her claims against McGreevy and Pallatroni, she will have to obtain the defendants' full names and addresses in discovery and appropriately move to amend the complaint.  Once service is effected on the DHMC and Ball, plaintiff can obtain the full names and addresses of  McGreevy

causes of action for such claims, I find that plaintiff has stated claims upon which relief may be granted.

II. <u>Products Liability Claims</u>

Although New Hampshire recognizes a cause of action for strict liability arising from surgical implantation of medical devices, where a health care provider is not engaged in the business of selling the medical devices strict liability will not be imposed.  See <u>Royer v. Catholic Med. Ctr.</u>, 144 N.H. 330, 332, 741 A.2d 74 (1999) (recognizing a cause of action for strict liability against seller of defective medical device but declining, however, to extend strict liability to health care provider who supplied a prosthetic device to be implanted but was not engaged in the business of selling the device).

Moss does not allege that defendants were distributors or

---

and Pallatroni by way of written interrogatories pursuant to Fed. R. Civ. P. 33(a) which states in pertinent part:

> Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or governmental agency, by any officer or agent, who shall furnish such information as is available to the party.

6

sellers of the medical devices at issue or that they engaged in any transaction that involved the sale of such devices.  Rather, the record suggests that in the course of providing health care services to the plaintiff defendants supplied a defective medical device to be implanted.  Because the complaint fails to allege that defendants engaged in the sale or distribution of medical devices, I conclude that their conduct is not subject to strict liability.  Accordingly, I recommend that plaintiff's products liability claim be dismissed in its entirety.

## Conclusion

For the reasons stated above, I find that Moss has alleged state law claims against defendants premised upon medical malpractice and negligence.  I recommend dismissal of all remaining claims.

If this recommendation is approved, the claims as identified in this report and recommendation, will be considered for all purposes to be the claims raised in the complaint.  If the plaintiff disagrees with the identification of the claims herein, she must do so by objection filed within ten (10) days of receipt of this report and recommendation, or she must properly move to amend the complaint.

Any further objection to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); see also Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: May 12, 2005
cc:   Dana Moss, *pro se*