**UNITED STATES DISTRICT COURT**
                    **FOR THE DISTRICT OF NEW HAMPSHIRE**

**Dana Moss**

    **v.**                                  Case No.  05-cv-22-PB

**Dartmouth-Hitchcock Medical Center and Dr. Perry Ball**


### **O R D E R**

Dr. Perry Ball performed spinal surgery on Dana Moss on August 24, 2000 at Dartmouth-Hitchcock Medical Center ("DHMC"). On January 12, 2005, Moss filed suit against Dr. Ball and DHMC for medical malpractice and medical negligence.  Moss argues that defendants are liable because Dr. Ball implanted medical devices during the surgery without her consent that continue to cause her pain and suffering.  Defendants have filed a motion for summary judgment arguing that Moss's claims are barred by the statute of limitations.

New Hampshire Rev. Stat. Ann. § 508:4 provides in pertinent part that claims such as the ones at issue here are time-barred unless they are "commenced within three years of the time the plaintiff discovers, or in the exercise of reasonable diligence

should have discovered, the injury and its causal relationship to the act or omission complained of."  Thus, the operative date in determining whether Moss's claims are barred by the statute of limitations is January 12, 2002, three years before Moss filed her federal court complaint.

   Moss alleges that she continued to suffer pain and numbness long after the August 24, 2000 surgery.  Thus, she reasonably should have known of the injury on which her current claims are based prior to January 12, 2002.  She also does not dispute defendants' contention that she obtained copies of her medical records prior to November 1, 2001.  These records, which included both intra-operative and post-operative x-rays and at least one post-operative MRI, presumably would have disclosed the devices that Dr. Ball allegedly implanted and thus the records should have placed her on notice of defendants' alleged negligence and its relationship to her continued pain.[1]  Further, defendants have produced a complaint that Moss filed with the New Hampshire

---

[1] Defendants acknowledge that Dr. Ball used metallic markers during the surgery.  These markers appear on the intra-operative x-ray, but they are not shown on the subsequent x-rays or the post-operative MRI because, defendants assert, they were removed before the surgery was completed.  Moss appears to base her claim on the fact that the markers are depicted on the intra-operative x-ray.

Board of Medicine on April 23, 2002, in which she stated that she had discovered that her injuries were due in part to the alleged implanted medical devices when she received copies of her x-rays and medical records in October 2001.  In view of this evidence, it is difficult to understand why Moss could not have discovered her claims through the exercise of reasonable diligence prior to January 12, 2002.  Moss has failed to respond to this evidence with sufficient admissible evidence of her own to create a genuine dispute on the question.  I therefore grant defendants' motion for summary judgment (Doc. N. 23).[2]

    SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

October 25, 2005

cc:   Dana Moss, pro se
     W. Kirk Abbott, Jr.,Esq.

---

[2] Moss also argues that defendants are liable because they altered her medical records to falsely state that she suffers from a mental disorder and is unable to care for her children. This claim is also time-barred because Moss should reasonably have discovered this claim when she obtained copies of her medical records prior to November 1, 2001.